IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LISA FOSTER et al.,       ) | |
|                             ) | |
|     Plaintiffs,     ) | |
|                             )  CIVIL ACTION NO. | |
| v.                          )  2:12cv724-MHT | |
|                             )        (WO) | |
| JUDICIAL CORRECTION       ) | |
| SERVICES, INC., and       ) | |
| CORRECTIONAL HEALTHCARE   ) | |
| COMPANIES, INC.,          ) | |
|                             ) | |
|     Defendants.     ) | |

OPINION AND ORDER

This cause is before the court on a motion for change of venue filed by defendants Judicial Correction Services, Inc. ("JCS") and Correctional Healthcare Companies, Inc. ("CHC"). For the reasons that follow, the motion will be denied.

In this suit, plaintiffs claim that JCS coerced them to pay fines and fees on the basis of documents purporting to be lawful orders and conditions of probation. Plaintiffs charge that JCS collected these fines and fees in excess of its authority as a private

corporation. According to plaintiffs, JCS held itself out as a law enforcement agency, when it is in fact a private company. CHC is a successor to JCS.

JCS and CHC seek transfer of this action pursuant to 28 U.S.C. § 1404. Section 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." Because federal courts normally accord deference to a plaintiff's choice of forum in a motion under § 1404, the burden is on the movant to show the suggested forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). However, a district court has "broad discretion in weighing the conflicting arguments as to venue." England v. ITT Thompson Industries, 856 F.2d 1518, 1520 (11th Cir. 1988) (citation omitted); see also Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1988) (leaving decision to transfer "to the sound discretion of the

2

trial court"). A court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A district court judge may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious, and inexpensive.'" Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. July 13, 1981)* (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)) cert. denied, 456 U.S. 918 (1982).

JCS and CHC argue that the Northern District of Alabama is a more convenient forum because three of the five plaintiffs to this action reside in the Northern District. Furthermore, these three plaintiffs engaged

---

* In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business September 30, 1981.

with JCS and CHC through probation offices located in the Northern District.  Thus, JCS and CHC argue that the center of this action is the Northern District.

However, two of the five plaintiffs reside in the Middle District of Alabama, and their disputes with JCS and CHC occurred through probation offices in the Middle District.  All the evidence relating to these two plaintiffs is located in the Middle District.  Thus the balance of convenience weighs only slightly towards the Northern District.  Further undercutting JCS and CHC's argument is the fact that the plaintiffs who reside in the Northern District submitted affidavits attesting that the Middle District is actually a more convenient forum for them.  The plaintiffs also state that an additional plaintiff, residing in the Middle District, is expected to join this action.  This anticipated plaintiff engaged with JCS and CHC through probation offices in the Middle District.  For these reasons, the court finds that JCS

and CHC have not shown sufficient reason to disregard the plaintiffs' choice of forum.

Finally, JCS and CHC seek transfer so that this case may be consolidated with another action pending in the Northern District of Alabama, <u>Gina Ray, et al. v. Judicial Correction Services, Inc., et al.</u>, No. 2:12-CV-02819 ("<u>Ray</u> action"). Because the <u>Ray</u> action was filed seven days after the instant case, JCS and CHC must show "compelling circumstances" warrant transfer. "In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu</u>, 675 F.2d 1169, 1174 (11th Cir. 1982) (<u>citing</u> <u>Mann Mfg., Inc. v. Hortex, Inc.</u>, 439 F.2d 403 (5th Cir. 1971)). "It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." <u>Id</u>.

JCS and CHC have not demonstrated that compelling circumstances justify dispensing with the first-to-file

5

rule in this case. JCS and CHC point out that, in Barnett v. Alabama, 171 F. Supp. 2d, 1292 (S.D. Ala. 2001), a court in the Southern District transferred an action to the Middle District even though the action in the Southern District was filed first. However, in that case a three-judge panel had been convened first in the Middle District, a fact the court found to favor transfer from the Southern District for consolidation. Furthermore, the action centered around evidence and witnesses located wholly in the state capital, and thus in the Middle District. In contrast, all the evidence relating to two out of five (and potentially three out of six) plaintiffs to this suit is located in the Middle District of Alabama. The court can find no compelling circumstances to justify disregarding the rule that the district wherein an action was first filed should be the district that decides it.

\*\*\*

Accordingly, it is the ORDER of the court that the motion to transfer (Doc. No. 14) filed by defendants Judicial Correction Services, Inc. and Correctional Healthcare Companies, Inc., is denied.

DONE, this the 14th day of November, 2012.

    <u>/s/ Myron H. Thompson</u>
    **UNITED STATES DISTRICT JUDGE**