IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LISA FOSTER; LINDA THURMAN; )
GREG SOLLEY; ERIC JOHNSON; )
ANNETTE RODGERS; and )
COURTNEE CARROLL, )
  )
Plaintiffs, )
  )     CASE NO.:
v. )     2:12-CV-00724-MHT-TFM
  )
JUDICIAL CORRECTION )     CLASS ACTION
SERVICES, INC., a corporation; )     COMPLAINT
and CORRECTIONAL HEALTHCARE )
COMPANIES, INC., a corporation, )     JURY TRIAL
  )     DEMANDED
Defendants. )

**SECOND AMENDED CLASS ACTION COMPLAINT**

The Plaintiffs, by and through their attorneys, hereby amend this civil action for declaratory judgment, injunctive relief, monetary relief, and other relief. They bring the action individually and on behalf of all others similarly situated, pursuant to Fed.R.Civ.P. 23, and they allege upon they personal knowledge and information and belief as to those similarly situated as follows:

1.    The Plaintiffs and the members of the class they propose to represent are entitled to relief for these reasons: (1) the Defendants, Judicial Correction Services, Inc. ("JCS") and its successor, Correctional Healthcare Companies, Inc. ("CHC"), have engaged and are engaged in activities which are inimical to the Plaintiffs and

Class and are due be declared unlawful; (2) JCS and CHC have been unjustly enriched by the unlawful activities, warranting monetary relief to Plaintiffs and Class under a count for unjust enrichment; (3) JCS and CHC, by engaging in the wrongdoing alleged, have obstructed and continue to obstruct Alabama law, in violation of Ala. Code § 13A-10-2 and other authorities; and (4) JCS and CHC, if and to the extent they have acted and are acting under color of state law, have deprived Plaintiffs and Class of the equal protection of the law, violating rights secured to the Plaintiffs and Class by statute, by constitutions of the states, and by the Constitution of the United States.   An injunction against the Defendants to prevent such obstruction and violations is in order, as is a judgment for other relief and for attorneys fees.

<u>PARTIES, JURISDICTION, AND VENUE</u>

2.     Plaintiff Lisa Foster is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Montgomery, Alabama, which is in Montgomery County.  The activities she complains of have been directed against her by Defendants in Montgomery County.

3.     Plaintiff Linda Thurman is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Montgomery, Alabama, which is in Montgomery County.  The activities she complains of have been directed

against her by Defendants in Montgomery County.

4.      Plaintiff Eric Johnson is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Talladega, Alabama, which is in Talladega County.  The activities he complains of have been directed against him by Defendants in Talladega County.

5.      Plaintiff Greg Solley is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Alpine, Alabama, which is in Talladega County.  The activities he complains of have been directed against him by Defendants in Talladega County.

6.      Plaintiff Annette Rodgers is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Brundidge, Alabama, which is in Pike County.  The activities she complains of have been directed against her by Defendants in Pike County.

7.      Plaintiff Courtnee Carroll is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Ramer, Alabama, which is in Montgomery County.  The activities she complains of have been directed against her by Defendants in Montgomery County.

8.       According to the Alabama Secretary of State, Defendant Judicial Correction Services, Inc. ("JCS") is incorporated in the State of Delaware.   It

maintains its principal place of business in Cumming, Georgia, according to the Alabama Secretary of State. It is a citizen of the States of Delaware and Georgia according to 28 U.S.C. § 1332. It may be served with process at its agent for service, which is CT Corporation System, 2 N. Jackson Street, Suite 605, Montgomery AL 36104.

9.     According to the Georgia and Colorado Secretaries of State, JCS and Correctional Healthcare Companies, Inc. ("CHC") share corporate officers at the same corporate address in Colorado. CHC is incorporated in the State of Delaware, and it maintains its principal place of business in Greenwood Village, Colorado. It is a citizen of the States of Delaware and Colorado according to 28 U.S.C. § 1332.

10.     Upon information and belief, CHC is the successor of JCS, having purchased or otherwise acquired it. It is sued here on that basis and for the reasons given. It may be served via its CEO, Doug Goetz, at 6200 S. Syracuse Way, Suite 440, Greenwood Village, Colorado 80111.

11.     Jurisdiction for this action arises on 28 U.S.C. § 1332, as amended by the "Class Action Fairness Act of 2005," and on 28 U.S.C. § 1331, for these reasons:

a.     The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The proposed class members number more than one hundred persons. The Plaintiffs are citizens of Alabama and are diverse from the Defendants,

4

which are not citizens of Alabama.  Most members of the Class the Plaintiffs propose

are citizens of Alabama.  Other members are citizens of adjacent states, namely

Georgia, Mississippi, Tennessee, and Florida.  Accordingly, the Class, or most of it,

is diverse from the Defendants; and

      b.     Equal protection of the law and denials of it are matters both of state law

and constitution and of the United States Constitution.  That the Defendants have

deprived Plaintiffs and Class of the equal protection of the law is a federal question

within the meaning of 28 U.S.C. ¶ 1331.

      12.     This Court has personal jurisdiction over the Defendants, because, <u>inter</u>

<u>alia</u>, they maintain and have maintained sufficient minimum contacts with and in the

State of Alabama at all times material to this action.  Personal jurisdiction has not

been contested.

      13.     Events complained of in this lawsuit occurred in this judicial district,

making venue here proper.  Upon information and belief, JCS operates in the manner

alleged in many municipalities located in this judicial district.  It is believed to

operate in the manner alleged in scores of municipalities across Alabama, including

municipalities located close to the borders of these adjacent states: Mississippi,

Florida, Tennessee, and Georgia.  The municipal courts of the municipalities where

JCS operates have jurisdiction to hear and decide misdemeanor offenses, not felony

offenses.

CLASS ACTION ALLEGATIONS

14.     Plaintiffs bring this action on behalf of themselves and others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class which Plaintiffs seek to represent is composed of and defined as:

a.     All persons in Alabama and adjacent states of Georgia, Mississippi, Tennessee, and Florida who paid JCS (and/or CHC, its alleged successor) and/or were deprived of rights secured to them by state or federal law as a result of unlawful activities by JCS.

b.     The following persons are excluded from the definition of the Class:

(i)     Judges and employees of municipal courts in Alabama in those municipalities where JCS operates;

(ii)     Employees of the Defendants;

(iii)     Persons who are the complaining parties in the proceeding known as RICHARD EARL GARRETT, TERRANCE DATCHER, DANA BURDETTE, and DEBRA S. FORD, individually and on behalf of all others similarly situated, vs. TOWN OF HARPERSVILLE, ALABAMA, a municipal corporation, and JUDICIAL CORRECTIONS SERVICES, a corporation, Case No. CV-2010-900183, which is pending in the Circuit Court of Shelby County, Alabama.

6

(iv)    U.S. District Court judges, magistrate judges of any U.S. District Court, judges of the U.S. Court of Appeals for the Eleventh Circuit, and U.S. District Court personnel having any involvement with administration and/or adjudication of this lawsuit; and

(v)    Class counsel and their employees.

15.    The Class period commences on the date two years immediately prior to the filing of this lawsuit and continues forward.  The wrongdoing alleged is ongoing.

16.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Federal Rules of Civil Procedure, for these reasons:

a.    Members of the Class are geographically distributed and so numerous that their joinder is impractical; and

b.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  Some common questions include, but are not limited to, the following:

(i)    Whether JCS violated the laws of the State of Alabama, or of the United States, by commanding and coercing payments of fines or fees, or charges of any kind, on the basis of documents purporting to be from municipal courts on which its name appears and which it holds out as lawful orders and conditions of probation,

when such documents -- as Defendants were and are aware -- were  not and are not lawful orders of probation or conditions thereof;

(ii)      Whether JCS violated the laws of the State of Alabama, or of the United States, by commanding and coercing payments of fines or fees, or charges of any kind, in excess of any such amount allowed by law, or for periods of time which exceed the maximum amount time prescribed by law for probation;

(iii)     Whether Defendants were and are unjustly enriched by commanding and coercing payments of fees, or charges of any kind, in violation of the laws of the State of Alabama or of the United States;

(iv)     Whether the Plaintiffs and Class are due monetary relief from the Defendants' unjust enrichment;

(v)      Whether JCS has obstructed and violated the law and is obstructing and violating the law by falsely warning the Plaintiffs and Class that the courts are not open to them with respect to  fines and fees coerced and collected by Defendants, or with respect to terms of probation, and by commanding the Plaintiffs and Class, in violation of law, not to seek relief from the courts in the matters of probation, indigence, and fines and fees coerced and collected by Defendants; and whether such obstruction and violations deny Plaintiffs and Class equal protection of the law.

(vi)     Whether the Plaintiffs and Class are entitled to (1) declaratory judgment

8

in their favor, (2) an injunction against Defendants to end and prevent such violations of law, (3) other equitable relief, and (4) an attorney fee based on the common and public good they obtain or may obtain by prosecuting this action.

c.     Plaintiffs' claims are typical of the claims of the members of the Class under Federal Rule of Civil Procedure 23. The Defendants' conduct has been and is inimical to the Plaintiffs and the Class, and it has and continues to adversely affect them. The violations of law alleged are ongoing, and the Plaintiffs and Class are harmed by it. The Class should be certified to vindicate the law, to end the harm, and to protect and preserve the common and public good.

d.     The Plaintiffs will fairly and adequately protect the interest of the Class as required by Federal Rule of Civil Procedure 23. The Plaintiffs have no interest which is adverse to the interest of Class. The Plaintiffs have retained counsel who has substantial experience and success in the prosecution of class actions.

e.     The prosecution of separate actions by individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudication or substantially impair or impede their ability

to protect their interest.

f.      Defendants have acted or refused to act on grounds generally applicable to, and causing injury to, the Plaintiffs and Class, warranting injunctive relief and monetary relief.  Absent Class relief, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

g.      The questions of law and fact common to the Class predominate over questions affecting only individual members.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23.  The harm suffered by many individual members of the Class may not be great enough to warrant the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to redress the wrongs done to them.  The cost to adjudicate individual claims would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system in multiple trials of the complex factual issues of the case.  By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each class member.

## PLAINTIFFS' ALLEGATIONS

17.     In 2010, 2011 and 2012, JCS commanded and coerced payments of probation fees, or charges of other kind, from Plaintiffs Carroll, Foster, and Thurman on the basis of documents purporting to be from the municipal court of the City of Montgomery which bear the name of JCS and which JCS held out to Plaintiffs as lawful orders and conditions of probation.  Such documents, as Defendants were and are aware, were  not and are not lawful orders of probation or conditions thereof.

18.     In 2010 and 2011, JCS commanded and coerced payments of probation fees, or charges of other kind, from Plaintiff Rodgers on the basis of documents purporting to be from the municipal court of the City of Troy which bear the name of JCS and which JCS held out to Plaintiff as lawful orders and conditions of probation. Such document, as Defendants were and are aware, were not and are not lawful orders of probation or conditions thereof.

19.     Under Alabama law, a sentence of probation, and the terms thereof including probation fees, for a misdemeanor offense adjudicated in a municipal court may be imposed only upon the signed order of a municipal court judge, a copy of which must be given to the probationer.  Upon information and belief, no such order issued in the cases of Plaintiffs Rodgers, Carroll, Foster, Thurman, and the proposed class members similarly situated to them.  Instead, the orders JCS holds out as

11

lawfully imposing probation and the terms thereof, including the payment of probation fees to JCS, on Plaintiffs Rodgers, Carroll, Foster, Thurman and proposed class members are documents either entirely unsigned or which are signed or initialed by persons believed to be JCS employees.  The documents are false and are nullities.

20.    JCS, in so commanding and coercing payments from Plaintiffs Carroll, Foster, Rodgers,  and Thurman, falsely warned them in writing that the courts are not open to them with respect to fines and fees so coerced and collected, or with respect to probation, and further falsely commanded them in writing that they could not seek relief from the courts in those matters.

21.    JCS, in its written warnings and commands Plaintiffs Carroll, Foster, Rodgers,  and Thurman, employed a form topped by an insignia and seal purporting to show, or suggesting, that JCS is a law enforcement agency.  JCS is a private company, not a law enforcement agency, so this device or artifice was and is false, as Defendants are aware.   Their employees are not judicial officials or law enforcement officers.

22.    Upon information and belief, Defendants have a practice and policy of commanding and coercing payments of probation fees on the basis of documents purporting to be from municipal courts on which the name JCS appears and which the Defendants hold out as lawful orders and conditions of probation, when such

12

documents -- as Defendants were and are aware -- were not and are not lawful orders of probation or conditions thereof.

23.    Upon information and belief, Defendants have a practice and policy of employing written warnings and commands to the Plaintiffs and Class which purport to show or suggest that JCS is a law enforcement agency.

24.    Upon information and belief, for the purpose of coercing payments, Defendants have a practice and policy of employing written warnings to the Plaintiffs and Class which threaten the Plaintiffs and Class with jail for failing to appear at JCS's offices, or for failing to make certain payments to JCS.  Upon information and belief, to coerce the payments, the warnings include commands that Plaintiffs and Class appear at JCS offices much more frequently than required by any condition of lawful probation.

25.    Upon information and belief, Defendants have a practice and policy of employing written warnings and commands that falsely warn the Plaintiffs and Class that the courts are not open to them with respect to fines and fees coerced and collected by Defendants, or with respect to terms of probation, and which command the Plaintiffs and Class, in violation of law, not to seek relief from the courts in the matters of probation, indigence, and fines and fees coerced and collected by Defendants.

26.    Upon information and belief, as of July, 2012, JCS has collected probation fees from Plaintiff Solley for a period of more than five years purportedly on the basis of a sentence of probation for an offense adjudicated in municipal court. Probation of that length is unlawful, as JCS is aware.  Alabama law proscribes probation sentences for misdemeanors which exceed two years.  To coerce the fee payments from Solley, JCS has employed the same practices, policies, and device alleged above.

27.    Upon information and belief, JCS has commanded probation fees from persons similarly situated to Plaintiff Solley for periods of probation which exceed two years, in violation of Alabama law.

28.    As of July, 2012, JCS has collected fines and fees from Plaintiff Johnson which exceed his ability to pay.  Johnson is indigent and on disability, and the Defendants have coerced payments from him by employing the same practices, policies, and device alleged above.  He has been able to make the payments only because a local charity has assisted him.

29.    Upon information and belief, JCS has commanded probation fees from persons similarly situated to Plaintiff Johnson which exceed their ability to pay, in violation of Alabama law.

<u>COUNTS</u>

## COUNT ONE

## DECLARATORY JUDGMENT

30.     To support this count, Plaintiffs adopt, re-assert, and incorporate all of the foregoing allegations.

31.     There exists between Plaintiffs, on the one hand, and Defendants, on the other hand, an actual justifiable controversy with respect to the matters set forth here, as to which Plaintiffs are entitled to have a declaration of rights and further relief as set forth herein.

32.     The Plaintiffs are entitled to have entered a judgment declaring:

a.     That JCS violates the laws of the State of Alabama, and/or of the United States, by commanding and coercing payments of fines or fees, or charges of any kind, on the basis of documents purporting to be from municipal courts which it holds out as lawful orders and conditions of probation, when such documents are not lawful orders of probation or conditions thereof;

b.     That JCS violates the laws of the State of Alabama, and/or of the United States, by commanding and coercing payments of fines or fees, or charges of any kind, in excess of any such amount allowed by law, or for periods of time which exceed the maximum amount time prescribed by law for probation;

15

c.     That Defendants have been unjustly enriched by their unlawful activities, and that Plaintiffs and Class are due monetary relief from the unjust enrichment;

d.     That JCS obstructs and violates the law by falsely warning the Plaintiffs and Class that the courts are not open to them with respect to fines and fees or other terms of probation, and by commanding the Plaintiffs and Class not to seek relief from the courts in the matters of probation, indigence, and fines and fees coerced and collected by Defendants; and that JCS denies the Plaintiffs and Class equal protection of the law;

e.     That Plaintiffs and Class are entitled an attorney fee against Defendants based on the common and public good obtained by prosecution of this action.

## COUNT TWO

## UNJUST ENRICHMENT

33.     To support this count, Plaintiffs adopt, re-assert, and incorporate all of the foregoing allegations.

34.     The Plaintiffs, under federal rules of civil procedure, are authorized to bring this count for themselves and the Class. Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC, 263 F.R.D. 205, 216-17 (E.D. Pa. 2009). They adopt, re-assert, and incorporate all of the foregoing allegations.

35.     The Defendants have been unjustly enriched by foregoing alleged

activities, and they should be ordered to disgorge the ill-gotten gains, which is money that in good conscience they should not keep.

36.     The Plaintiffs and the Class are due monetary relief equal to the sum of the Defendants' unjust enrichment, with interest due at a statutory rate.

## COUNT THREE

## OBSTRUCTION OF LAW

## AND DENIAL OF EQUAL PROTECTION

37.     To support this count, Plaintiffs adopt, re-assert, and incorporate all of the foregoing allegations.

38.     The Plaintiffs, under federal rules of civil procedure, including Fed.R.Civ.P. 23, are authorized to bring this count for themselves and for the putative class.

39.     The Defendants, by falsely warning the Plaintiffs and Class that the courts are closed to them with respect to probation, indigence, and fines and fees, and by commanding them not to seek judicial redress or relief in the matters, obstruct the administration of law in violation of Ala. Code § 13A-10-2 and impair and deprive rights secured to the Plaintiffs and Class by other statute, by constitutions of the states, and by the Constitution of the United States.

40.     The Alabama Constitution guarantees all citizens access to the courts.

Ala. Const. art. I, § 13 ("That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.").  It and statutes enacted under it proscribe fines or fees that exceed a probationer's ability to pay.  Ala. Op. of Attorney General No. 98-00043 (Nov. 24, 1997).  It and statutes enacted under it proscribe incarceration solely because a probationer is unable to pay a fine or fee.  Id.  Likewise, under the same law, no supervision fee may be charged an indigent probationer which exceeds the probationer's ability to pay or results in incarceration merely on the basis of his or her inability to pay.  Id.  The Alabama Constitution and statutes enacted under it also proscribe sentences of probation for Plaintiffs and Class which exceed two years.  Ala. Code § 15-22-54(a).

41.     JCS, by the wrongdoing alleged, has obstructed and violated the foregoing law, and the Plaintiffs and Class have been and are harmed by as a result.  They have been and are deprived of rights secured to them by statute, by constitutions of the states, and by the Constitution of the United States.  The deprivation includes, but is not limited to, the equal protection of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly

18

situated, request an order and judgment against the Defendants which --

1.    Certifies the Class and appoints Plaintiffs and their counsel to represent the Class.

2.    Grants declaratory judgment to the Plaintiffs and Class.

3.    Grants monetary relief to the Plaintiffs and Class in a sum which does not exceed the sum of the Defendants' unjust enrichment.

4.    Enjoins the Defendants from the wrongdoing alleged.

5.    Awards a reasonable attorney fee to the Plaintiffs and Class for the common and public good obtained in this action.

6.    Grants such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable and proper by this Court.

/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
ASB 3591 N74W
wgarrison@hgdlawfirm.com
/s/ Christopher B. Hood
Christopher B. Hood
ASB-2280-S35H
chood@hgdlawfirm.com

HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Tel: (205) 326 3336
Fax: (205) 326 3332

19

*Attorneys for Plaintiffs*

<u>**Of Counsel**</u>**:**
Kearney Dee Hutsler
HUTSLER LAW FIRM
2700 Hwy. 280
Suite 320 West
Birmingham, AL 35223
Phone: (205) 414-9979
email: kdhlaw@hutslerlawfirm.com

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY
## ON ALL ISSUES IN THIS CAUSE

<u>/s/ Christopher B. Hood</u>
Christopher B. Hood

<u>CERTIFICATE OF SERVICE</u>

     I certify that on this 11th day of February, 2013, I filed the foregoing via the Court's ECF system, which will transmit it electronically, with notice, to counsel of record as follows:

Wayne Morse, Jr., Esq.
WALDREP, STEWART & KENDRICK, L.L.C.
2323 2nd Avenue North
Birmingham, Alabama  35203-3807
morse@wskllc.com
lhalloran@wskllc.com
mcooper@wskllc.com

Walter E. McGowan, Esq.
GRAY LANGFORD SAPP MCGOWAN GRAY & NATHANSON
P.O. Box 830239
Tuskegee, Alabama 36083
wem@glsmgn.com

William P. Gray, Esq.
Douglas Robertson, Esq.
GRAY & ASSOCIATES, L.L.C.
3800 Colonnade Parkway Suite 350
wgratty@aol.com
Birmingham, Alabama 35243
Telephone:  (205) 968-0900

Douglas Nathan Robertson
douglasnrobertson@gmail.com, wgratty@aol.com

Kearney Dee Hutsler , III
kdhlaw@hutslerlawfirm.com, kdhlaw@hotmail.com

William Lewis Garrison, Jr.
wlgarrison@hgdlawfirm.com, pputman@hgdlawfirm.com

/s/ Christopher B. Hood
Christopher B. Hood