IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LISA FOSTER; LINDA THURMAN; GREG SOLLEY; ERIC JOHNSON; ANNETTE RODGERS; and COURTNEE CARROLL, <br><br>Plaintiffs, <br><br>v. <br><br>JUDICIAL CORRECTION SERVICES, INC., a corporation; and CORRECTIONAL HEALTHCARE COMPANIES, INC., a corporation, <br><br>Defendants. | CASE NO.: <br> 2:12-CV-00724-MHT-TFM |

## **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The Plaintiffs, by and through their attorneys, hereby move for partial summary judgment on their claim that orders of probation held out by Defendants Judicial Correction Services, Inc. (JCS) as requiring payment of probation fees to JCS by Plaintiffs Carroll, Foster, Thurman are (1) are not signed by a municipal court judge, and (2) because they are unsigned by a judge, they did not and do not empower JCS to collect probation fees from the Plaintiffs. The claim is set forth in clear and specific detail, as follows, in the Second Amended Complaint:

> Under Alabama law, a sentence of probation, and the terms thereof including probation fees, for a misdemeanor offense adjudicated in a municipal court may be imposed only upon the signed order of a municipal court judge,

> a copy of which must be given to the probationer. Upon information and belief, no such order issued in the cases of Plaintiffs Rodgers, Carroll, Foster, Thurman, and the proposed class members similarly situated to them. Instead, the orders JCS holds out as lawfully imposing probation and the terms thereof, including the payment of probation fees to JCS, on Plaintiffs Rodgers, Carroll, Foster, Thurman and proposed class members are documents either entirely unsigned or which are signed or initialed by persons believed to be JCS employees. The documents are false and are nullities.

Doc. 53 at ¶ 19. The claim is the basis of declaratory relief sought in the pleading. Id. at ¶¶ 31-32(a).

## Introduction

By this motion, the Plaintiffs seek declaratory judgment that the unsigned orders exhibited with the motion do not authorize JCS to collect probation fees from the persons the orders identify as probationers. Those persons are Plaintiffs Carroll, Foster, and Thurman. The relief of unjust enrichment sought on the claim and the request for class certification are subject to later decisions of the Court, commencing with the question of class certification. Those questions ripen if the Plaintiffs are correct that the orders exhibited here are not in fact lawful orders of probation and do not authorize JCS to collect probation fees from Carroll, Foster, and Thurman.

The Court may consider the merits of the claim at this stage, because questions of class certification can "overlap with the merits." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). This motion is consistent with that recent statement of the

law in Comcast. The relief sought for the named Plaintiffs and the class is simple enough. It is the amount of probation fees JCS collected on the basis of the unsigned orders. It has been unjustly enriched by all such fees collected, as Plaintiffs Foster, Thurman, and Carroll allege. The threshold question is whether the absence of judge's signature on the probation order renders it a nullity for purposes of JCS's collection of probation fees.

### Rule of Decision

This is the rule for deciding this motion:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115–17 (11th Cir.1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed.R.Civ.P. 56(e).

Davis v. Charoen Pokphand (USA), Inc., 302 F.Supp.2d 1314, 1319 (M.D. Ala. 2004).

### Statement of Facts

1.  JCS is a private for-profit company, of that there is no dispute. It is a

3

Delaware for-profit corporation, headquartered and registered in the State of Georgia. **Exhibit 1**, attached hereto. It was so when the events of this case occurred. Id. (showing 2002 registration date and 2012 active date).

    2.    On May 14, 2010, Plaintiff Courtnee Carroll received a document from someone at the Municipal Court of the City of Montgomery which purports to be an order of probation. **Exhibit 2** (which is Defendant's exh. 2 of C. Carroll depo. on April 15, 2013). The person she received it from was not a judge. **Exhibit 3**, Carroll depo. at 53, line 22 - 54, line 1; 79, line 17 - 82, line 14. It was not given to her in a courtroom, but instead in a room nearby the courtroom. Id. at 31, line 19 - 32, line 7; 44, line 22 - 47, line 3; 48, line 10 - 52, line 17; 53, line 22 - 54, line 1; 79, line 17 - 82, line 14. The document required her to pay probation fees to JCS at the rate of $40.00 a month for twelve months. **Exhibit 2** (line (2) of the document, which states "You will pay Judicial Correction Services, Inc. $40.00 for each month of probation . . ."). The purported order of probation is unsigned by a judge of the Municipal Court. There is no signature on the signature line for the Municipal Court. **Exhibit 3** at 79, line 17 - 84, line 9; 84, line 21 - 85, line 2. Carroll also received a document requiring her to pay the probation fee to JCS in cash and in person at one of JCS's places of business in Montgomery. **Exhibit 4** (Carroll depo. Plaintiff's Exh. 1). She did so. **Exhibit 3** at 63, lines 10-17.

3.     **Exhibit 5** of this motion is the subpoena the Plaintiffs served to Municipal Court of Montgomery, Alabama, on February 15, 2013. The pages marked as exhibit page nos. 1-5 of the subpoena are payment receipts given to Carroll by JCS. The starting date of probation shown on the receipts (5/14/2010) is the same date on the document which purports to be her order of probation (**Exh. 2** of this motion).[1]

4.     The document which purports to be Carroll's order of probation, **Exhibit 2**, was introduced by JCS at Carroll's deposition. **Exhibit 3** at 53-54. It is the same unsigned order produced to the Plaintiffs by JCS prior to Carroll's deposition. **Exhibit 6** (email from counsel transmitting the document, followed by the document). It is the same unsigned order produced in the case by the City of Montgomery ("City") and certified as authentic by the City. **Exhibit 7**, Ekonen affid. at exh. B.

5.     The City produced and certified the unsigned Carroll order pursuant to subpoena, specifically the Plaintiffs' request for "[t]he actual order of probation, believed to be dated May 14, 2010, imposed on Courtney Carroll by the municipal court of the City of Montgomery in the cases shown on the documents attached to this exhibit (exh. pp. 1-5), which show, inter alia, payments Carroll made to JCS in those cases." **Exhibit 5** (subpoena exhibit at page -i-, request no. 5.). The only difference

---

1/     The subpoena also is exh. E of **Exhibit 7**.

between the order submitted by JCS at Carroll's deposition and the order certified by the City is a mark-through on the middle left of the City's order.  <u>Compare</u> **Exhibit 2** with **Exhibit 7**, Ekonen affid. at exh. B.

6. No court order of probation exists purporting to require Carroll to pay the probation fees to JCS which are at issue other than the unsigned order exhibited here.  The same is true for Plaintiffs Linda Thurman and Lisa Foster.

7. On June 21, 2011, Plaintiff Lisa Foster received a document from someone at the Municipal Court of the City of Montgomery which purports to be an order of probation.  **Exhibit 8** (document bates-labeled "Foster et al 0001" in Plaintiffs' production of documents in response to Defendants' first discovery requests); **Exhibit 9** (document bates-labeled "Foster v JCS 067937 4" by Defendants in their production of documents responsive to Plaintiffs' first discovery requests).  The document required Foster to pay probation fees to JCS at the rate of $40.00 a month for twelve months.  **Exhibit 8** (line (2) of the document, which states "You will pay Judicial Correction Services, Inc. $40.00 for each month of probation . . ."); **Exhibit 9** (same).

8. The purported order of probation for Lisa Foster is unsigned by a judge of the Municipal Court.  The judge's name (Knight) is written in, **Exhibits 8-9**, but that handwriting is not her signature, nor is it the signature of any municipal court

6

judge of the City of Montgomery. Those facts are established by comparing the handwritten name on Foster's order to the authentic signatures of Judge Knight and all other judges of Montgomery's municipal court. Those authentic signatures, as certified by the City, are exhibited here. **Exhibit 7**, Ekonen affid. at exh. A (certified specimen signatures of Judges Hayes, Knight, Hendley, and Massey).[2]

9. As said, **Exhibit 5** of this motion is a subpoena the Plaintiffs served to Municipal Court of Montgomery. The pages marked as exhibit page nos. 8-15 of the subpoena are payment receipts given to Foster by JCS. The starting date of probation shown on the receipts (6/21/2011) is the same date on the document which purports to be her order of probation (**Exhs. 8-9**).

10. The document which purports to be Foster's order of probation, **Exhibits 8-9**, is the same order produced in the case by the City and certified as authentic by the City. **Exhibit 7**, Ekonen affid. at exh. C. The order certified by the City bears the same handwritten word "Knight" in place of the judge's signature. The certified

---

[2]/ In this exhibit of the instant affidavit are five specimen signatures of Judge Hayes, followed by five of Judge Knight, then by five of Judge Hendley, and concluding with five of Judge Massey. As exhibited here, the pages are arranged exactly as produced and certified by the City. (Page numbering has not been added.) The certified signatures respond to the Plaintiffs' request for "[a] specimen of the true and authentic signature of every person who was a judge of the Municipal Court of the City of Montgomery, Alabama, at any time in one or more of the months of May, 2010, December 2010, June 2011, January, 2012, and February 2012. **Exhibit 5** (subpoena exhibit at page -i-, request no. 1.)

order is identical to **Exhibits 8-9**.

11.     Evidently, a JCS employee wrote the word "Knight" on the purported order of probation for Foster. The handwritten name "Knight," as it appears on the signature line for the judge, is initialed by a JCS employee. **Exhibit 10**, Freeman depo. at 8, lines 7-14; 84, line 19 - 85, line 18; 103, line 10 - 104, line 12; 131, lines 7-19; 154, line 22 - 155, line 6 & Plaintiff's depo. exh. 2 (exhibit page bates-labeled "Foster v JCS 0679374") (testimony identifying the employee whose initials "BB" appear adjacent to the handwritten name "Knight," and explaining that she is an employee). No other order of probation exists purporting to require Foster to pay the probation fees to JCS which are at issue.

12.     Each of the foregoing facts for Plaintiffs Foster are true for Plaintiff Linda Thurman. The Plaintiffs, the Defendants, and the City all produced the purported order of probation for Thurman which required her to pay the probation fees to JCS which are at issue, with the City certifying its document as authentic. **Exhibit 11**, **Exhibit 12**, and **Exhibit 7** at exh. D. All three of the documents identically bear a name written in which is not the signature of Judge Hayes or any other judge of the court. The name "Hayes" is written in on the signature line for the judge, but that handwriting is not a judge's signature, according to the specimens certified by the City. **Exhibit 7** at exh. A. No other order of probation exists

purporting to require Thurman to pay the probation fees to JCS which are at issue.

13. Evidently, the imposter in Thurman's case is the JCS employee who penned his initials next to the name "Hayes" written on the line for the judge's signature. JCS employee Freeman identified the initials (which are "MF") as belonging to a JCS employee. **Exhibit 10**, Freeman depo. at 114, line 8 - 116, line 10; 117, lines 1-19 & Plaintiff's depo. exh. 4 (excerpt of that exhibit bates-labeled "Foster v JCS 0679410") The decisive point is the same, however: the purported order is unsigned by a judge. No other order of probation requires Thurman to pay the probation fees to JCS which are at issue. Freeman likewise acknowledged that Plaintiff Carroll's order lacked a judge's signature. Id. at 74, line 18 - 79, line 8 & Plaintiff's depo. exh. 1 (excerpt of that exhibit bates-labeled "Mont docs 00257 Foster v JCS").

14. As true of the other two Plaintiffs, Thurman paid her probation fees to JCS in cash at one of its places of business in Montgomery and received receipts in return. **Exhibit 5** at exhibit page nos. 6-7 (receipts). The starting date of probation shown on the receipts (2/10/2012) is the same date on the document which purports to be her order of probation.

## **Argument**

The bases for this motion are (1) the purported orders of probation exhibited

to it, which are unsigned by a municipal court judge, (2) the proof of probation fees the Plaintiffs paid to JCS, also exhibited to the motion, and (3) the Alabama law set forth below which demonstrates that the exhibited orders do not authorize the collection of said probation fees.

In Alabama, probation and the terms thereof may be ordered by a municipal court and supervised by a private company only upon an order signed by a municipal court judge, a copy of which must be given to the probationer. Ala.R.Crim.P. 27.1; Ala. Op. of Attorney General No. 98-00043 (Nov. 24, 1997) (unavailable on Westlaw and previously submitted as Doc. 24-1). "The Alabama Rules of Criminal Procedure require that judgment by the court be pronounced in open court and then reduced in writing and be signed by the judge." 205 Ala. Op. Att'y Gen. 18 (Oct. 29, 1986), 1986 WL 80077 (answering question from municipal court judge). JCS, according to the Plaintiffs, collected the so-called "probation fees" on the basis of documents which are not orders of municipal court judges. Instead, those documents are unsigned by any judge or are signed or initialed only by JCS employees. The initials of a JCS employee do not constitute a judge's signature, a point JCS cannot dispute.

Any probation fee JCS arguably can collect requires a court order imposing the fee as a condition of probation. Doc. 24-1 (Ala. Op. of Attorney General No. 98-00043 (Nov. 24, 1997)). Conditions of probation "must be incorporated into a

10

court's written order of probation, and a copy thereof must be given to the probationer." Ala.R.Crim.P. 27.1. No such probation order exists for Plaintiffs Carroll, Foster, and Thurman, because their evidence establishes beyond any question of material fact that the purported orders of probation are unsigned by a judge. Such non-judicial documents do not meet the requirements of Ala.R.Crim.P. 27.1 and Ala. Op. of Attorney General No. 98-00043 (Nov. 24, 1997). The documents lack the imprimatur which matters – the judge's signature. 205 Ala. Op. Att'y Gen. 18, ante.

Accordingly, the Court should grant the Plaintiffs partial summary judgment on their claim that the unsigned orders cannot constitute a basis for the probation fees JCS collected from them. Specifically, the Court should find that the condition of probation which appears in the unsigned orders and required the Plaintiffs to pay the fees is a nullity, and that JCS collected the fees unlawfully. That condition of probation, as it appears in the purported orders, states "You will pay Judicial Correction Services, Inc. $40.00 for each month of probation . . ." **Exhibit 2** (line (2) of the document). **Exhibit 2** is the Carroll order. The same purported condition appears in the Foster and Thurman orders, and at the same place as in the Carroll document.

## CONCLUSION

This motion is due to be granted.

Respectfully submitted this 25th day of April, 2013, by undersigned counsel for the Plaintiffs:

/s/ Christopher B. Hood
Christopher B. Hood
chood@hgdlawfirm.com
/s/ W. Lewis Garrison, Jr.
W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Tel: (205) 326 3336
Fax: (205) 326 3332

*Attorneys for Plaintiffs*

**Of Counsel:**
Kearney Dee Hutsler
15 Richard Arrington Jr. Blvd. North
Suite 320
Birmingham, AL 35203
ph.   205-414-9979
Fax:  205-879-9229
Email: kdhlaw@hutslerlawfirm.com

CERTIFICATE OF SERVICE

I certify that on this 25th day of April, 2013, I caused a copy of the above and foregoing to be served on all counsel named below by filing same with the Court's ECF system, which will notify said counsel of the filing electronically and will serve it electronically:

Kearney Dee Hutsler, III
William Lewis Garrison, Jr.
Christopher Boyce Hood

*Counsel for Plaintiffs*

Jay M. Ezelle
jme@starneslaw.com
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
*Counsel for Defendants*

Walter Edgar McGowan
Email: wem@glsmgn.com
*Counsel for Defendants*

Wayne Morse , Jr.
Email: morse@wskllc.com
*Counsel for Defendants*

William Patton Gray , Jr.
Email: wgratty@aol.com
*Counsel for Defendants*

Douglas Nathan Robertson
Email: douglasnrobertson@gmail.com
*Counsel for Defendants*

Stanley Fitzgerald Gray
Email: sgray@glsmgn.com
*Counsel for Defendants*

/s/ Christopher B. Hood
Christopher B. Hood